

SLIP OPINION

# SUPREME COURT OF ARKANSAS

**Opinion Delivered** September 26, 2013

IN RE RULES OF PROCEDURE OF
THE JUDICIAL DISCIPLINE AND
DISABILITY COMMISSION

## PER CURIAM

We published for comment recommendations of the Judicial Discipline and Disability Commission for amendments to Rules 8 and 9 of the Rules of Procedure of the Arkansas Judicial Discipline and Disability Commission. *See In re Recommendations of the Judicial Discipline and Disability Commission*, 2013 Ark. 297 (per curiam). Today, we adopt the recommendations and republish the rules as set out below. The amendments are effective immediately.

### Rules of Procedure of the Arkansas Judicial
### Discipline and Disability Commission

**Rule 8. Procedures of Commission Regarding Conduct of a Judge.**

. . . .

C. *Investigation of Complaints*. All complaints not summarily dismissed by the Executive Director shall then be presented to an Investigation Panel. The Investigation Panel shall dismiss all complaints for which sufficient cause to proceed is not found by that Panel. If the complaint is not dismissed, the Panel shall then direct the staff to make a prompt, discreet, and

confidential investigation. In no instance may the staff undertake any investigation or make any contact with anyone other than the complainant and the judge unless authorized to do so by the Investigation Panel. If authorized by the Investigation Panel, subpoenas may be used to obtain documents, procure witness statements, and collect other evidence requested by the Panel. Upon completion, the Panel shall review the findings from the investigation. The Panel shall dismiss all complaints for which sufficient cause to proceed is not found. A report as to matters so dismissed shall be furnished to the Commission at its next meeting. The complainant and the judge shall be informed in writing of the dismissal.

D. *Mandatory Notice to the Judge*. If a complaint, or any portion of it, is not dismissed by the Investigation Panel following the discreet and confidential investigation, then the Panel shall notify the judge in writing immediately of those portions of the complaint that the Panel has concluded warrant further examination and attention. The judge shall receive the complaint, or any portion of the complaint that is not dismissed, along with any information prepared by or for the Panel or Staff to enable the judge to adequately respond to the issues in the complaint. The judge shall be invited to respond to each of the issues from the complaint that the Panel has identified as possible violations of the Arkansas Code of Judicial Conduct. The time for the judge to respond shall be within 30 days unless shortened or enlarged by the Investigation Panel for good cause.

E. *Dismissal or Formal Statement of Allegations*. The Investigation Panel may dismiss the complaint with notice to the complainant and the judge, or, upon a finding of probable cause that the judge violated the Code of Judicial Conduct, it may direct that a formal statement

of allegations, citing specific provisions of the Code of Judicial Conduct alleged to have been violated and the specific facts offered in support of the alleged violation(s), be prepared and served on the responding judge along with all materials prepared by the Panel or Staff. Service may be by any means provided for service of process in the Arkansas Rules of Civil Procedure.

F. *Answer.* The judge shall file a written answer with the Executive Director within thirty (30) days after the service upon him/her of the statement of allegations, unless such time is enlarged by the Executive Director. The answer may include a description of circumstances of a mitigating nature bearing on the charge.

**Rule 9. Hearing on Formal Statement of Allegations.**

...

## COMMENT

The sanctions authorized by this rule are explained below:

*"Informal Adjustment"* is a sanction for conduct that is cause for discipline but falls short of conduct that is cause for formal discipline. The purpose is to inform the responding judge of an issue of concern, remind a judge of ethical obligations, recommend changes in behavior or procedures, or suggest an appearance of impropriety that could be avoided.

*"Admonishment"* is more corrective than an Informal Adjustment. Conduct also falls short of conduct that is cause for formal discipline. An expression of disapproval of a judge's conduct, and may contain a proscription to follow a corrective course of conduct, and may direct professional treatment, counseling, or assistance.

SLIP OPINION

*"Reprimand"* is a formal sanction of a judge for violating the Code of Judicial Conduct. It is a rebuke for one or more violations that does not require censure. A reprimand usually involves an isolated incident or behavior that can be easily corrected. It could involve misconduct that is more serious but the judge presented substantial mitigating factors.

*"Censure"* is a formal sanction for violating the Code of Judicial Conduct. It is a declaration that a judge is guilty of misconduct that does not require suspension or removal. A stern rebuke that finds the conduct of the judge violates a rule of judicial conduct, detrimentally affects the integrity of the judiciary, and undermines public confidence in the administration of justice. It could involve misconduct that is more serious but the judge presented substantial mitigating factors. A censure may include a requirement that the judge follow a specified corrective course of action. A censure also serves as a public warning to other judges.

*"Suspension with Pay"* is a decision by the Commission that must be reviewed and affirmed by the Supreme Court. Recommendation by the Commission to suspend a judge, with or without pay, is based on serious misconduct that merits more than a censure but less than removal. This sanction is flexible, and there are no restrictions on the length of a suspension. It can be imposed for egregious or repetitive conduct. It could involve misconduct that is more serious but the judge presented substantial mitigating factors. A suspension may require that the judge follow a specified corrective course of action before being reinstated.

*"Suspension without Pay"* is a decision by the Commission that must be reviewed and

affirmed by the Supreme Court. Recommendation by the Commission to suspend a judge, with or without pay, is based on serious misconduct that merits more than a censure but less than removal. This sanction is flexible, and there are no restrictions on the length of a suspension. It can be imposed for egregious or repetitive conduct. It could involve misconduct that is more serious but the judge presented substantial mitigating factors. A suspension may require that the judge follow a specified corrective course of action before being reinstated.

*"Removal from Office"* is a decision by the commission reviewed and affirmed by the Supreme Court, to permanently remove a judge for extreme or gross misconduct involving a judge's integrity, fitness for office, substantial harm to public confidence and trust, damage to the reputation of the judiciary, or ability to perform judicial duties. Mitigating factors, if any, presented by the judge were unable to affect the decision to remove the judge from office. The judge is no longer eligible to be elected, appointed, or otherwise serve in the judiciary of the State of Arkansas.